**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **THE ONLY CARD, LLC,** a Georgia limited liability company, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION FILE |
| v. ) ) | NO: _____ |
| **Peach State Bank & Trust,** ) a Georgia corporate entity, ) ) | **Jury Trial Demanded** |
| Defendant. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

The Only Card, LLC ("Plaintiff"), states the following as its Complaint against Peach State Bank & Trust ("Defendant"):

**Nature of the Case**

1. This is an action arising under the Patent Laws and Statutes of the United States in which Plaintiff seeks to recover for patent infringement and for any and all damages and costs flowing therefrom.

**The Parties**

2. Plaintiff is a limited liability company organized and duly existing pursuant to the laws of the State of Georgia and whose principal place of business is 2078 State Highway 60, Unit 52, Suches, Union County, Georgia 30572 located in

1

the United States District Court for the Northern District of Georgia, Gainesville Division (this "Judicial District and Division").

3. Defendant is a corporate entity organized and duly existing pursuant to the laws of the State of Georgia and whose principal place of business listed in its latest annual registration is 121 EE Butler Parkway, Gainesville, Hall County, Georgia 30501. Defendant can be served through its Registered Agent, Ronald G. Quinn, at 121 EE Butler Parkway, Gainesville, Hall County Georgia 30501 or upon other persons at other locations as permitted by law. Defendant's principal place of business, the location of at least one of its branches, and its Registered Office are located in this Judicial District and Division.

4. On information and belief, Defendant offers products and services throughout the United States, including in this Judicial District and Division, and introduces products for use into the stream of commerce knowing that they would be used in this Judicial District and Division.

## Jurisdiction and Venue

5. This civil action arises under the Patent Laws of the United States, 35 U.S.C. §1 *et seq.*, including without limitation 35 U.S.C. §271, §281, §283, §284, §285, and §286 based on Defendant's unauthorized commercial use of a secure commercial transaction system which comprises *inter alia* a commercial transaction

card.

6. This Court has exclusive subject matter jurisdiction of the patent infringement claim pursuant to the Patent Statutes of the United States including 28 U.S.C. §1331 and §1338.

7. This Court has general and specific personal jurisdiction over Defendant. Defendant is a Georgia corporate entity, has continuous and systematic business contacts within the State of Georgia, directly conducts business extensively throughout the State of Georgia including in this Judicial District and Division, and maintains its primary physical facilities in Forsyth County, the State of Georgia in this Judicial District and Division.

8. A substantial part of the events giving rise to Plaintiff's claims have occurred and will occur in this Judicial District and Division. Venue is proper in this district under 28 U.S.C §1391(b) and §1400(b).

## Plaintiff's Patent

9. Plaintiff is the owner of United States Patent No. 8,152,059 ("the Patent") which was duly issued on April 10, 2012. The Patent concerns *inter alia* embodiments for a secure commercial transactional system. A copy of the Patent is attached hereto as **Exhibit A**.

## COUNT I
### (Patent Infringement, Direct Patent Infringement)

10. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-10 as if fully presented herein.

11. The Patent was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the Patent by a duly recorded assignment.

12. On information and belief, Defendant is infringing, or has infringed, the Patent in this Judicial District and Division. Defendant offers, produces, or has produced, and provides or has provided in this Judicial District and Division a transactional device in the form of a Europay, Master, Visa card ("EMV") for public use, such as at one of Defendant's publicly available ATM machines.

13. Support for the allegations of infringement for claims 1, 12, 14, 15, 16 and 21 of the Patent may be found in claim charts attached hereto and incorporated herein by reference as **Exhibit B**. These allegations of infringement are preliminary and are therefore subject to change, especially during discovery.

14. Defendant has rejected an offer from Plaintiff for a license under the Patent.

15. Plaintiff has suffered damages by reason of Defendant's infringement of the Patent and will suffer additional damages unless Defendant is enjoined by the Court from continuing to infringe the Patent.

16. Defendant's unauthorized continual commercial use of the secure commercial transaction system after declining or ignoring Plaintiff's offer to license the Patent causes Defendant's infringement of the Patent to become willful and deliberate, thus warranting an increase of the damages recoverable by Plaintiff under the provisions of 35 U.S.C. §284 up to three times the amount of actual damages sustained by Plaintiff, and also making this an exceptional case within the meaning of 35 U.S.C. §285.

17. Plaintiff is a non-practicing entity with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages for over the past six (6) years pursuant to 35 U.S.C. §286.

## **RELIEF**

WHEREFOR Plaintiff prays:

(a) For decree and judgment against Defendant and all in privity with Defendant that the Patent is valid and enforceable;

(b) For decree and judgment against Defendant and all in privity with Defendant, that the Patent is, and has been, infringed by Defendant and that Defendant is liable as a patent infringer;

(c) For an accounting for, and an assignment of, an award of profits derived

by Defendant and damages suffered by Plaintiff in consequence of the infringement of the Patent;

(d) For a decree and judgment against Defendant trebling the profits derived by Defendant and damages suffered by Plaintiff pursuant to statute, e.g., 35 U.S.C. §284;

(e) For an injunction permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all those in active concert, participation, or privity with Defendant from further infringement of the Patent;

(f) For the costs of this suit, reasonable attorney's fees as provided by statute, e.g., 35 U.S.C. §285, and an assessment of interest and cost against the Defendant;

(g) For prejudgment interest at the maximum rate allowed by law;

(h) For post-judgment interest at the maximum rate allowed by law, from the date of the judgment until paid; and

(i) For such other and further relief which should appear just and equitable to this Court.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on issues so triable by law.

Respectfully submitted, this 17th day of February 2026.

        LAW OFFICES OF
        JOHN W. CARPENTER, LLC
        By:  */s/ John W. Carpenter*
          John W. Carpenter, Esq.
          (La. Bar No. 03940)
          (*pro hac vice* pending)
          201 St Charles Avenue, Suite 2500
          New Orleans, Louisiana 70170
          504-599-5955 / 415-577-0698 (cell)
          john@jwcarpenterlaw.com

        AUSTIN & SPARKS, P.C.
        By:  */s/ John T. Sparks, Sr.*
          John T. Sparks, Sr.
          Georgia Bar No.669575
          Post Office Box 888233
          Atlanta, Georgia 30356
          404-869-0100
          jsparks@austinsparks.com

          Attorneys for Plaintiff
          The Only Card, LLC

**Please serve:**

Peach State Bank & Trust
c/o Its Registered Agent at:

Ronald G. Quinn
121 EE Butler Parkway
Gainesville, Hall County, Georgia 30501